UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| WILLIAM HOLLY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:12 CV 47 |
| B. LEMMON, Commissioner, Indiana Department of Correction, *et al.*, | ) |
| Defendants. | ) |

## OPINION and ORDER

Plaintiff William Holly filed this cause of action in the United State District Court for the Southern District of Indiana while he was a prisoner confined at the Miami Correctional Facility ("MCF"). That court transferred Holly's complaint to this district as the proper venue. In the meantime, Indiana Department of Correction Officials transferred Holly to the Wabash Valley Correctional Facility.

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

Holly brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state

law. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In his complaint, Holly states that MCF officials "submitted transfer documents to the Classification Department of the Indiana Department of Correction, to have the Plaintiff transferred to a level four (4) facility, all the while knowing that [he] has been attacked at all three (3) level four facilities" and that transferring him to a level 4 facility "would be placing his life in danger." (DE # 1 at 4.) Holly asks the court to enter injunctive relief ordering Indiana Department of Correction officials not to transfer him to a level 4 facility.

When dealing with prisoner cases, federal courts must accord wide-ranging deference to correctional professionals in the adoption and execution of policies for the operation of penal institutions. *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986). The federal courts must defer to correctional professionals on questions of the best way to run a prison, in the absence of an "exaggerated response." *Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Federal courts do not interfere with matters of prison management, such as which facility a particular prisoner is housed, without a showing that a particular situation violates the Constitution. *Mendoza v. Miller*, 779 F. 2d 1287, 1292 (7th Cir. 1986).

Holly brings his claim under the Constitution's Eighth, Ninth, and Fourteenth Amendments. (DE # 1 at 4.) The Ninth Amendment provides "that the enumeration of certain rights, shall not be construed to deny or disparage others retained by the

2

people." Holly asserts enumerated rights under the Eighth and Fourteenth Amendments, but he does not suggest an un-enumerated right that would prevent his transfer from the MCF to a higher security facility.

Holly asserts that his transfer to another facility would violate the Fourteenth Amendment's due process clause, but there is no Fourteenth Amendment liberty interest implicated in the inter-institutional or intra-institutional transfer of an inmate. *Meachum v. Fano*, 427 U.S. 215, 225-226 (1976); *Montayne v. Haymes*, 427 U.S. 236 (1976); *Mauricio v. Bronnenberg*, 688 F. Supp. 1206 (N.D. Ind. 1986). "The conviction (of a criminal defendant) has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons," *Meachum*, 427 U.S. at 224, and Holly has no right to demand that the State of Indiana confine him in any specific facility or in a facility of any particular security level. Subject only to Eighth Amendment restrictions, "a state can confine a prisoner as closely as it wants, in solitary confinement if it wants." *Smith v. Shettle*, 946 F.2d 1250, 1252 (7th Cir. 1991).

Holly asserts that transferring him to a level 4 facility would violate the Eighth Amendment's prohibition against cruel and unusual punishments because he might be attacked by other inmates at a level 4 facility. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities; and (2) subjectively, whether the official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

3

Prison "officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer,* 511 U.S. at 833. Deliberate indifference in such circumstances is defined as "criminal recklessness." *Id.* at 839-840. Deliberate indifference is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer,* 511 U.S. at 836. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1986).

Holly does not allege a specific danger to him, such as a claim that transfer to a specific facility might endanger him because a particular inmate who had assaulted him in the past was housed there. Rather, he asserts a very generalized claim that he should not be transferred to a level 4 facility because he might be attacked there by other inmates. Under this theory, any inmate could seek injunctive relief against being sent to a level 4 facility.

The courts have long recognized that prisons "are dangerous places. Housing the most aggressive among us, they place violent people in close quarters." *McGill v. Duckworth*, 944 F.2d 345, 349 (7th Cir. 1991). Thus, the right to reasonable protection does not include the right to protection from random acts of violence. *See id.* at 348

("some level of brutality . . . among prisoners is inevitable no matter what guards do"). Holly basically seeks protection from a random act of violence that might occur at a level 4 facility, which is not a claim upon which this court can enter injunctive relief. Moreover, the injunctive relief Holly seeks would be contrary to the deference this court is to provide to correctional officials in the adoption and execution of policies for the operation of penal institutions. *Whitley*, 475 U.S. at 321-22.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

**SO ORDERED.**

Date: July 31, 2012

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT