UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| WILLIAM HOLLY, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:12 CV 47 |
| B. LEMMON, Commissioner, Indiana Department of Correction, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

Plaintiff William Holly filed this cause of action pursuant to 42 U.S.C. § 1983, in the United State District Court for the Southern District of Indiana, while he was a prisoner confined at the Miami Correctional Facility ("MCF"). That court transferred Holly's complaint to this district as the proper venue. In the meantime, Indiana Department of Correction Officials transferred Holly to the Wabash Valley Correctional Facility ("WVCF").

In his complaint, Holly sought to prevent his transfer from the MCF to the WVCF. This court reviewed the complaint pursuant to 28 U.S.C. § 1915A, and dismissed it as stating no claim upon which relief could be granted. Plaintiff has now filed a motion to reconsider the dismissal of his complaint.

Holly asserts in his motion to reconsider that before the complaint was transferred to this court from the Southern District, he filed two motions to amend, "which this court never addressed before denying the complaint." (DE # 21 at 1.) But the record does not reflect that Holly ever filed any amended complaints before his case

was transferred to this district (DE ## 5, 5-1, 6, 8), and he did not file an amended complaint after his case was transferred to this district.

Plaintiff did write a letter to the clerk of the United States District Court for the Southern District, in which he stated that he had "been transferred in violation of Rule 23, Federal Rules of Appellate Procedure + Rule 36, United States Supreme Court." (DE # 8 at 2.) But this does not constitute an amended or supplemental complaint.

In his motion to reconsider, Holly alleges that his first amended complaint "stated that the Plaintiff had a writ pending before the Miami Circuit Court, Holly v. State, Cause No. 52C01-1106-MI-00240." (DE 21 at 1.) FED. R. CIV. P. 23(a) states that:

> pending review of a decision in a **habeas corpus proceeding commenced before a court, justice or judge of the United States** for release of a prisoner, the person having custody of the prisoner must not transfer to another unless a transfer is directed in accordance with this rule."

(emphasis added). RULE 23 has no application to the habeas petition Holly alleges he filed in the Miami Circuit Court because the Miami Circuit Court is a state court, not a court of the United States. Moreover, even if Holly had a habeas petition pending before a United States District Court, RULE 23 would not apply. *See Pethtel v. Attorney Gen. of Ind.*, 704 F. Supp. 166, 168 (N.D. Ind. 1989) ("subsection (a) of Rule 23 sets forth the parameters of that rule and indicates that it applies to the transfer of custody of prisoners pending review of a decision which has already been entered in a habeas corpus case"). Because Holly does not allege that he has obtained a decision in a federal district court which is under review in the Court of Appeals, RULE 23 has no application to this case.

United States Supreme Court RULE 36 provides in pertinent part that:

(1) Pending review in this Court of a decision in a habeas corpus proceeding commenced before a court, Justice, or judge of the United States, the person having custody of the prisoner may not transfer custody to another person unless the transfer is authorized under this Rule.

SUP. CT. RULE 36(1). This rule only applies to cases pending before the United States Supreme Court for review of habeas petitions filed in lower federal courts. Accordingly, it has no application to this case.

Holly also alleges that he had a small claims case in the Miami Superior Court dealing with loss of property (DE # 20 at 1, DE # 21 at 1) and a petition for post-conviction relief pending in the Allen Superior Court (DE # 20 at 2). But neither of these are federal cases, and neither of them are habeas corpus petitions.

In his motion to reconsider, Holly alleges that he argued in his second amended complaint that defendants filed a false claim of dementia before his transfer. He then asserts that he is "<u>not</u> asking to be simply removed from the administrative segregation unit, but transferred back to the Miami Correctional Facility, because this transfer violated Rule 23 + Rule 36." (DE # 21 at 3.) Accordingly, Holly alleges that both of the amended complaints he asserts that he filed were based on RULES 23 and 36.

But, as previously noted, neither of these rules apply here because Holly does not have a federal habeas petition that is being reviewed either by the Court of Appeals or the United States Supreme Court. Moreover, even if this were a case to which RULE 23 actually applied, the question of whether Holly's custodians need to get permission to

3

transfer him to another facility is a question that should be raised in the pending habeas appeal, not in a § 1983 action.

For the foregoing reasons, the court **DENIES** plaintiff's motion for reconsideration. (DE # 21.)

**SO ORDERED**.

Date: August 20, 2012

    s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT